**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 13-CIV-24566-Torres

ALFRED BELTRAN,

      Plaintiff,

vs.

NCL CORPORATION, LTD.
d/b/a NORWEGIAN CRUISE LINES,
a foreign corporation, DR. BENJAMIN SHORE
DR. M. FARAH K.G. MODESTO,
DR. THEUNIE JACOBUS VAN DER MERWE,
BERNADETTE VILLAREAL,
CHERYL DIANE MENDOZA,
DR. DOE and NURSE DOE

      Defendants.

_____/

**MOTION TO STRIKE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [DE 271]**
**FOR FAILING TO CONFER AND/OR MOTION FOR EXTENSION OF TIME TO FILE**
**RESPONSE & MEMORANDUM OF LAW IN OPPOSITION TO SAME**

      Non-Party, Perry & Neblett, P.A., former counsel for Plaintiff and Mrs. Beltran, pursuant

to the applicable Federal Rules of Civil Procedure and Local Rules for the United States District

Court for the Southern District of Florida, hereby submits the following Motion to Strike

Plaintiff's Verified Motion for Attorneys' Fees and Non-Taxable Costs [DE 271] for Failing to

Confer and/or Motion to Extension of Time to File Response in Opposition to Same, and as

grounds therefore states as follows:

      1.      Non-Party, Perry & Neblett, P.A., respectfully moves for an Order striking and/or

denying Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs [DE 271] based on

Plaintiff's counsel's failure to comply with Rule 7.3 of the Local Rules

      2.      As will be set forth in detail below, Plaintiff's counsel filed the Motion for

Attorneys' Fees and Non-Taxable Costs [DE 271] without engaging in a good-faith attempt to resolve the issues presented and wholeheartedly failed to confer regarding P&N's specific written objections[1].

3.    Plaintiff's counsel's clear and blatant disregard of the Local Rules mandates striking the Motion.

4.    Alternatively, P&N respectfully requests an extension of time to file its response and memorandum of law in opposition to Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs [DE 271] and Bill of Costs [DE 268] to address the numerous issues presented in detail within P&N's objections and/or to allow the Parties to partake in a meaningful conferral as required by Local Rule 7.3.

5.    As this Honorable Court is well-aware, P&N initially represented the Plaintiff in the underlying action.

6.    After nearly two years of representation and hard-fought litigation with Defendants, the relationship with P&N and Plaintiff was terminated.

7.    P&N always maintained that it was still owed for the time and expenses incurred during the representation and attempted to advise Plaintiff of same on numerous occasions.

8.    Plaintiff refused to compensate P&N for even the out-of-pocket costs incurred during its representation and even made several explicit comments that he would never reimburse P&N for these costs.

9.    P&N filed its Motion to Enforce Charging Lien [DE 225] which contended that the Plaintiff breached the Fee Agreement by failing to reimburse P&N for the costs incurred and/or for attorney's fees incurred during its representation.

---

[1] This Honorable Court consolidated briefing on Plaintiff's counsel's Motion for Attorney's Fees, and the Bill of Costs "in the interests of efficiency and judicial economy." [D.E. 270].

10.     Plaintiff strenuously contested the P&N's Motion [DE 225] and filed a detail Response in Opposition which made it clear that the Plaintiff was continuing to contest even the $5,927.19 in costs that P&N was seeking.

11.     On or about April 9 and April 16, 2018, an evidentiary hearing was held before the Honorable Magistrate Judge Torres.

12.     After considering the testimony and evidence presented, the Honorable Magistrate Judge Torres recommended granting in part and denying in part P&N's Motion to Enforce Charging Lien [DE 225].

13.     Notably, the Honorable Magistrate Judge Torres concluded that P&N was entitled to $5,927.19 in costs pursuant to the terms of the Fee Agreement.

14.     After rendering this decision at the end of the evidentiary hearing, the Honorable Magistrate Judge Torres inquired as to whether there would be an appeal and/or any other post-decision objection which would require a detailed Report and Recommendation.

15.     P&N understood this inquiry to mean that this Honorable Court wanted the decision reached to effectively end all litigation and result in the Parties going their separate ways.

16.     To honor that desire and in the interest of preserving judicial resources, P&N agreed that it would not appeal or otherwise challenge Magistrate Judge Torre's decision.

17.     For those same reasons, P&N also elected not to move for prevailing-party attorney's fees and costs despite the fact that the Court found that the Plaintiff breached the agreement and awarded costs to P&N.

18.     P&N then attempted to engage Plaintiff's counsel's in global settlement discussions that would bring a final resolution to this matter. Please see correspondence dated

May 30, 2018, attached hereto as Exhibit "A."

19.     Later, P&N again followed up on this attempt to bring a final resolution to this matter and advised that it would forego continued litigation as to fees and costs to provide the best opportunity for a global resolution, without success. Please see correspondence dated June 28, 2018, attached hereto as Exhibit "B."

20.     P&N raised a number of issues that should have encouraged Plaintiff's counsel to resolve this matter, including that P&N prevailed on the charging lien issue, that Plaintiff's counsel had specifically advised P&N that Plaintiff's counsel is not charging Plaintiff a dime for representing Plaintiff in this litigation, and that the entire charging lien dispute could have been resolved at a fraction of the amounts claimed by Plaintiff's counsel, which the Motion alleges amounts to over $150,000.00, and that Plaintiff's counsel has already been handsomely paid.

21.     Consistent with this Honorable Court's expressed desire and the many reasons why a final resolution to this matter would be best for all involved, P&N expected its decision not to appeal and not to seek prevailing-party attorney's fees to end all litigation with Plaintiff.

22.     Plaintiff's counsel chose not to honor this Honorable Court's desire and, instead, elected to continue litigating by pursuing the present Motion for Attorney's Fees [271].

23.     Consistent with Plaintiff's counsel's practice of aggressively litigating issues which can (or should be) amicably resolved, Plaintiff's counsel failed to properly confer with P&N before filing the instant Motion [DE 271].

24.     On or about June 8, 2018, Plaintiff's counsel provided P&N with a draft copy of the instant Motion [DE 271] via email.[2]

25.     Notably, lead counsel for P&N was out-of-town during this time.

---

[2] The content of the draft Motion is the same as the Motion filed with the Court, evidencing that Plaintiff's counsel failed to narrow any of the issues whatsoever.

26.     According to the Local Rules of the Southern District of Florida, the Parties were to meet and confer regarding the draft motion before it was filed with the Court.

27.     The Local Rules also required P&N to provide specific written objection to Plaintiff's draft motion for attorney's within 21 days; to wit, on or before June 29, 2018.

28.     P&N promptly began working towards preparing its detailed written objections as to entitlement and as to each time entry with the particularity required by Local Rule 7.3(b).

29.     However, P&N knew that additional time would be necessary because prepaid travel plans for business and personal trips required lead counsel for P&N, David Avellar Neblett, Esq., B.C.S., to be out of town during much of this time period.

30.     In an effort to remain in compliance with the applicable Local Rules, P&N conferred with counsel for Plaintiff about a brief extension to provide the written objections and to confer regarding same.

31.     Specifically, P&N requested until July 2, 2018, to provide its written objection and requested that a confer be scheduled for sometime later that week after counsel for Plaintiff had a chance to review same.

32.     Significantly, this extension would not have affected Plaintiff's ability to timely file its Motion for Attorney's Fees as the Local Rules provided that same had to be filed on or before July 10, 2018.

33.     Counsel for Plaintiff initially agreed to P&N's requested extension via a telephone conference on June 29, 2018.

34.     During that same telephone conference, Plaintiff's counsel and P&N spoke very generally about their positions, but did not substantively discuss objections as the conversation

lasted approximately 20 minutes.[3]

35.     This included P&N reminding Plaintiff's counsel of Magistrate Judge's indication that this matter should come to a final resolution without additional motion practice relating to attorney's fees.

36.     In accordance with the agreement of the counsels, on or about July 3, 2018, P&N provided Plaintiff with a very detailed letter outlining its position as to the Plaintiff's draft Motion for Attorney's fees that includes general objection regarding entitlement and specific objections to just about each time entry in the corresponding timesheets. A copy of P&N's letter and detailed response with redactions of confidential settlement amounts is attached hereto as Exhibit "C."

37.     In addition to addressing the matter of the amount of fees claimed by Plaintiff's counsel, and the matter of entitlement, the detailed response provided by P&N provides a number of detailed and well-thought-out reasons outlining why Plaintiff's counsel should not move forward with continued litigation, reminding Plaintiff's counsel of the Court's desire to see this matter come to an end without additional litigation.

38.     Plaintiff's counsel failed to confer with P&N regarding said letter and, instead, proceeded to file the present Motion [DE 271] which is the same as the draft Motion that was initially presented to P&N, evidencing the failure of Plaintiff's counsel to narrow any of the issues whatsoever.

39.     Plaintiff's counsel's Motion was filed on July 3, 2018, without even considering P&N's position and without having a meaningful conferral regarding P&N's very detailed

---

[3] Based on the Certificate of Conferral in Plaintiff's counsel's Motion [DE 271], it appears that Plaintiff's counsel is contending that brief conversation satisfied the strict requirements of Local Rule 7.3.  However, this is grossly inaccurate and insufficient as the conversation last no more than 20 minutes and the Plaintiff had not even been provided the written objections which the Parties had agreed would be provided and reviewed before conferring.

objections.[4]

40.     Not only did Plaintiff jump the proverbial gun by filing the Motion [DE 271] before same was due, the Plaintiff violated the Parties' agreement to partake in a meaningful conferral in an effort to narrow the issues after receipt of P&N's specific written objections in accordance with Local Rule 7.3.

41.     In response to the filing of the premature Motion and clear failure to confer, P&N promptly sent a correspondence to Plaintiff's counsel requesting that Plaintiff's counsel withdraw the premature Motion for Attorney's Fees. Please see correspondence dated July 3, 2018, attached hereto as Exhibit "D."

42.     Plaintiff's counsel refused to respond to this correspondence.

43.     Much worse, Plaintiff's counsel has blatantly violated the letter and spirt of Local Rule 7.3 by filing the Motion [DE 271] without even attempting to work with P&N in a good-faith effort to at least narrow some of the issues that need to be decided by this Honorable Court.

44.     Unfortunately, it has become apparent throughout this litigation that it is Plaintiff's counsel's course and practice to resort to litigation and needlessly run up fees rather than trying to amicably resolve issues.

45.     However, in the situation at hand, Plaintiff's counsel's aggressive litigation tactic has significantly prejudiced P&N, patently violated the applicable Local Rules and has created a significant strain on judicial resources because the issues were not at all narrowed.

46.     Plaintiff's counsel filed the very same draft Motion that was initially provided to P&N, without narrowing any of the issues whatsoever, not a single one.

47.     Based on the well-entrenched legal authority cited in the below Memorandum of

_____

[4] As has been Plaintiff's counsel's pattern and practice, the initial Certificate of Conferral was defective. Plaintiff's counsel later filed an Amended Certificate of Conferral.  [DE 278].

Law, P&N respectfully submits that Plaintiff's counsel's Motion for Attorneys' Fees and Non-Taxable Costs [DE 271] should be stricken and/or categorically denied based on Plaintiff's counsel's conduct and failure to confer as required by Local Rule 7.3.

48.     Alternatively, P&N would respectfully request that this Honorable Court order Plaintiff's counsel to confer with P&N in a good-faith effort to resolve at least some of the numerous objections to Plaintiff's counsel's Motion and the corresponding bills.

49.     Without a good-faith conferral, P&N would be forced to incur considerable time and expense preparing a response to address all of the numerous general and specific objections.

50.     Consequentially, this Honorable Court would also be tasked with the analyzing all of the objections which should have been discussed and potentially resolved through the conferral requirement contemplated by the Local Rules.

51.     Therefore, and assuming arguendo that this Honorable Court does not strike or deny the Motion based on Plaintiff's blatant disregard for the Local Rules, P&N would propose that this Honorable Court Order (a) counsels to meet and confer in a good-faith effort to resolve all the general and specific objections, (b) Plaintiff's counsel to file an amended motion for attorney's based on the conferral and (c) P&N have 20 days after the amended motion is filed to file its Response and Memorandum of Law as to any remaining issues not resolved at the conferral.

## MEMORANDUM OF LAW

### I.   *Plaintiff's Motion [DE 271] Should Be Stricken for Failing to Confer*

It is well-settled that a motion for attorney's fees **shall not** be filed until the movant makes a good-faith effort to resolve the motion. *See* Local Rule 7.3(a); *see also Sodikart USA v. Geodis Wilson USA, Inc.*, 2014 WL 6968073, at *6 (S.D. Fla. 2014). Local Rule 7.3(b) further provides exactly what must be done to comply with the good-faith conferral requirement:

> [A] draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys fees and/or costs that is governed by this Local Rule. Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920. The respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority.

Local Rule 7.3(b).

The Local Rules outline a three-step conferral process that must be followed: (i) the movant must provide a draft motion, (ii) the opposing party must provide written objections and (iii) the movant must confer in good faith in an attempt to agree on entitlement and/or the amount of fees. *See* Local Rule 7.3(b). The policy and intent behind this detailed conferral requirement is clearly to minimize judicial intervention and compliance with the Local Rules is not merely aspirational.  The failure to strictly comply with the conferral requirement of Rule 7.3 renders a party's motion for attorney's fees fatally deficient and constitutes a valid basis for denying same.  *See Norych v. Admiral Ins. Co.,* No. 08–60330–CIV–ALTONAGA, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (denying motion for attorney's fees "because [movant] failed to comply with Local Rules 7.3(a)(1) and 7.3(b)"); *Provide Commerce, Inc. v. Preferred Commerce, Inc.,* 2008 WL 360591, at *2 (S.D. Fla. 2008) (denying request for attorney's fees because the movant failed to comply with the Local Rules); *see also J.B. Hunt Transp., Inc. v. S*

9

*& D Transp., Inc.,* 2014 WL 5011135, at *3 (11th Cir. Oct. 8, 2014) (per curiam) ("Because the district court held that J.B. Hunt failed to comply with Local Rule 7.3, which constituted an independently sufficient basis to deny J.B. Hunt's motions, we affirm.").

Application of the aforementioned requirements and legal authority to the instant action dictates that Plaintiff's Motion [DE 271] must be stricken and/or denied because Plaintiff's counsel knowingly and intentionally failed to confer as required by Local Rule 7.3 and failed to abide by its agreement and refusal to withdraw the Motion to allow for a sufficient conferral. Plaintiff's counsel failed to respond to the correspondence sent by P&N advising of the defective nature of the Motion with which P&N sought a proper conferral. This is a categorical violation of the Local Rules.

As set forth above, Plaintiff's counsel provided P&N with a draft copy of its Motion for Attorney's fees via email on June 8, 2018. Counsel for P&N had been out of the country and traveling during this time period so, as a matter of professional courtesy, P&N requested until July 3, 2018 to provide its detailed objections to Plaintiff's draft motion as required by Local Rule 7.3(b).  Of significance, this date (July 3, 2018) was seven (7) days before the Plaintiff's deadline for filing its draft Motion.[5] The Plaintiff initially agreed with this more than reasonable request.

However, rather than wait for P&N's detailed objections, the Plaintiff proceeded with filing its Motion [DE 271] on July 3, 2018 – seven (7) days before it was due.  Later that same day, and in accordance with the agreement between the parties, P&N provided the Plaintiff with a detailed account of its general and specific objections to the draft Motion. See Exhibit "C."

---

[5] The Local Rules provide that a motion for fees must be filed within 60 days of the rendition of the judgment giving rise to the potential for fees.  The operative Order/Judgment [DE 267] in this situation was issued on May 11, 2018. As such, Plaintiff had until July 10, 2018 to file any motion for fees.

As such, Plaintiff's's counsel's Motion [DE 271] was filed <u>before</u> receiving P&N's letter and detailed objections and the Motion [DE 271] fails to take into account any of P&N well-reasoned objections.  Indeed, because Plaintiff's counsel still had a week before the Motion was due to be filed, it appears Plaintiff's counsel had predetermined it would not even try to engage in the "good faith" conferral required by the Local Rules. P&N specifically sought to avoid this situation by requesting withdrawal of the Motion. Adding insult to injury, Plaintiff's counsel failed to respond.

P&N respectfully submits that this Honorable Court should strike the Plaintiff's Motion [DE 271] based on its blatant failure to make any good-faith effort confer as required by Local Rule 7.3.  As recognized by the Honorable Judge Altonoga, there is no exception in the Local Rule for futility and as it mandates that the parties "shall" make a good faith effort to resolve the motion.  *See Norych,* 2010 WL 2557502, at *2. Plaintiff's counsel has inexcusably failed to comply with the unambiguous requirements of the Local Rules and the Verified Motion for Attorneys' Fees and Non-Taxable Costs [DE 271] should be stricken and/or denied.

## II. P&N Should Be Granted an Extension of Time or the Parties Should be Ordered to Confer[6]

Alternatively, and in the event this Honorable Court is not inclined to strike the Plaintiff's Motion, P&N Respectfully moves this Honorable Court for an extension of time to file its response and memorandum of law in opposition to the Plaintiff's counsel's Motion [DE 271]. P&N would further suggest that the Plaintiff be Ordered to confer with P&N during that time period so that the Parties can hopefully narrow the issues which need to be briefed and addressed by this Honorable Court.

---

[6] Plaintiff's counsel did initially agree to a 10 or 14 day extension; however, Plaintiff's counsel then revoked this agreement and conditioned an agreement on P&N not seeking any relief other than an extension of time.

The Federal Rules of Civil Procedure afford this Honorable Court with broad discretion to extend time limits or deadlines provided (a) the motion is brought before the original time expires and (b) good cause is set forth in the motion. *See* Fed. R. Civ. P. 6(b)(1)(A); *Jozwiak v. Stryker Corp.*, 2010 WL 743834, at *2 (M.D. Fla. 2010). The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline. *See generally Sosa v. Airprint Systems, Inc.,* 133 F. 3d 1417, 1418 (11th Cir. 1998).

In the instant action, P&N has been working diligently to fully address the numerous issues with Plaintiff's counsel's Motion and spent significant amounts of time addressing same so as to attempt to narrow the issues. To wit, P&N conducted legal research, reviewed and analyzed the billing records provided by Plaintiff and prepared written objections to entitlement and specific entries. P&N was fully prepared to confer with Plaintiff in a good-faith effort to resolve some (if not most) of the issues and to hopefully narrow the issued which needed to briefed to this Honorable Court. Unfortunately, and as set forth above, Plaintiff failed to confer at all with P&N regarding P&N's detailed written objections and, therefore, failed to narrow the issues which need to be addressed to this Honorable Court in P&N response and memorandum of law in opposition. Accordingly, additional time is necessary for P&N to fully research and respond to the Plaintiff's Motion [DE 271] which seeks over $160,000 in attorneys' fees from P&N.

In the interest of judicial economy, and assuming arguendo that this Honorable Court does not find Plaintiff's blatant disregard for the Local Rules as sufficient basis to strike or deny the Motion, P&N would propose that this Honorable Court Order (a) counsels to meet and confer in a good-faith effort to resolve all the general and specific objections, (b) Plaintiff file an amended motion for attorney's based on the conferral and (c) P&N have 20 days after the

amended motion is filed to file its response and memorandum of law as to any remaining issues not resolved at the conferral.

WHEREFORE, Non-Party, Perry & Neblett, P.A., respectfully moves this Honorable Court for an Order (i) Striking the Plaintiff's Motion for Attorney's Fees [DE 271] for failing to confer or, in the alternative (ii) granting Perry & Neblett, P.A. and extension of time consistent with the foregoing and/or (iii) any and all other relief this Honorable Court deems just and proper.

Respectfully submitted this 17th day of July 2018,

> **PERRY & NEBLETT, P.A.**
> 2550 South Bayshore Drive, Suite 211
> Miami, Florida 33133
> Telephone: (305) 856-8408
> Facsimile:  (305) 967-8182
> david@perryneblett.com
> jmahaffey@perryneblett.com
> terry@perryneblett.com
>
> By:  /s/ *David Avellar Neblett*
> DAVID AVELLAR NEBLETT, ESQ, B.C.S.
> Florida Bar No.: 526371

13

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

I HEREBY CERTIFY that the undersigned has conferred in writing twice with counsel for the Plaintiff regarding the basis of this Motion.  *See* Conferral Letter dated July 3, 2018, attached hereto as Exhibit "D" and Conferral Letter dated July 16, 2018, attached as Exhibit "E." P&N then spoke to Plaintiff's counsel. Plaintiff's counsel confirmed in writing that Plaintiff's counsel would not agree to the relief sought in the Motion to Strike. Plaintiff's counsel stated they would agree to a 10 or 14 day extension but only if P&N did not file its Motion to Strike.

By: */s/ David A. Neblett*
David A. Neblett, Esq., B.C.S
Florida Bar No.:  526371
**PERRY & NEBLETT, P.A.**
Attorney for Plaintiff
2550 S. Bayshore Drive, Ste. 11
Miami, FL  33133
Tel:    (305) 856-8408
Fax:    (305) 856-8409
David@perryneblett.com
jmahaffey@perryneblett.com
terry@perryneblett.com

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of July, 2018, the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: /s/ *David Avellar Neblett*
DAVID AVELLAR NEBLETT, ESQ, B.C.S.
Florida Bar No.: 526371

## SERVICE LIST

| MASE, LARA, EVERSOLE, P.A., | PERRY & NEBLETT, P.A. |
|---|---|
| Curtis Mase, Esq. | David Avellar Neblett, Esq. |
| Lauren Defabio, Esq. | 2550 South Bayshore Drive, Suite 11 |
| 2601 S. Bayshore Drive, Suite 800 | Miami, FL 33133 |
| Miami, Fl.  33133-5474 | Email: david@perrynebeltt.com |
| cmase@mletrial.com | Telephone 305.856.8408 |
| mlefiling@mletrial.com | Facsimile: 305.856.8409 |
| ldefabio@mletrial.com | |
| Telephone: 305-377-3770 | |
| Facsimile: 305-377-0080 | |
| Attorneys for Defendant | |
| **FREIDIN BROWN, P.A.** | |
| 2 S Biscayne Blvd, Suite 3100 | |
| Miami, FL 33131 | |
| Phone: 305.371.3666 | |
| Fax: 305.371.6725 | |
| pf@fblawyers.net | |
| gd@fblawyers.net | |
| jf@fblawyers.net | |